## PICKARD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 317.

Circuit Court of Appeals, Second Circuit.

July 15, 1940.

For opinion below, see 40 B.T.A. 258.

Llewellyn A. Luce, of Washington, D. C., and Perry W. Shrader, of Kansas City, Mo., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewell Key, Sp. Asst. to Atty. Gen., and Richard H. Demuth, Sp. Atty., of Washington, D. C., for respondent.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

The taxpayer contracted to sell 300 shares of Station stock for $175,200, a price greatly in excess of its cost. For the admitted purpose of avoiding a tax on the profit he would realize if paid in cash, he engaged in an elaborate series of transactions which resulted in giving him $3,700 in cash and the stock of two newly created corporations whose assets consisted of United States Treasury notes equal in value to the balance of the purchase price of the Station stock. He contends that he is relieved from tax because each of the steps in his elaborate plan is a non-taxable transaction within one or more of the provisions of section 112 of the Revenue Act of 1928, 45 Stat. 791, 816, 26 U.S.C.A.Int.Rev. Acts, p. 377. The Board found that the various steps were but component parts of the single transaction of transferring the Station shares to the purchaser for $175,-200, and correctly ruled that a single transaction carried out in accordance with a preconceived plan cannot be split up into its component parts for tax purposes. Minnesota Tea Co. v. Helvering, 302 U.S. 609, 613, 58 S.Ct. 393, 82 L.Ed. 474; Bassick v. Commissioner, 2 Cir., 85 F.2d 8, 10, certiorari denied, 299 U.S. 592, 57 S.Ct. 120, 81 L.Ed. 436. In essence what the petitioner did was to convey his stock to the purchaser through Holding corporation as a conduit and to direct the purchaser to pay $3,700 to him and the balance of the purchase price to his nominee, Holding company, through which it was passed to Sampick and Esspick corporations for investment in Treasury notes. Such a transaction does not fall within the non-recognition provisions of section 112. Holding company had no legitimate business purpose; it was merely a conduit. It cannot be deemed a party to a tax-free reorganization. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355. Electrical Securities Corp. v. Commissioner, 2 Cir., 92 F.2d 593, 595; Hendee v. Commissioner, 7 Cir., 98 F.2d 934, 936. Nor can the petitioner's exchange of Station shares for shares of Holding corporation be deemed a non-taxable exchange under section 112(b) (5), since the plan necessitated

that control of Holding be passed to Columbia and this was done within four days.

Order affirmed.